## Max Stricker, Defendant in Error, v. William M. Umbdenstock, Plaintiff in Error.

### Gen. No. 22,294.

CONTRACTS, § 32*—*when element of meeting of minds lacking.* Where the owner of goods in a warehouse directed an insurance solicitor to telephone an order to defendant insurance agent to place insurance on such goods and the solicitor so telephoned, but defendant understood the message to be to insure goods of the owner in another warehouse and so wrote the policy, there was no meeting of the minds of the parties giving rise to a contractual relation between them so as to render defendant liable upon the loss by fire of the goods sought to be insured.

Error to the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in this court at the March term, 1916. Reversed and judgment here. Opinion filed June 26, 1916.

FURBER & WAKELEE, for plaintiff in error.

ADLER, LEDERER & BECK, for defendant in error.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff, alleging loss resulting from the negligent execution of an order for fire insurance given by him to defendant, an agent of the insurance company, upon trial had judgment for eight hundred dollars, which we are asked to reverse.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Desiring to place fire insurance on a lot of whisky owned by him in a United States warehouse, designated as warehouse ''A,'' plaintiff called at the office of Charles Kressman, an insurance solicitor, who undertook to telephone this order to the defendant. Plaintiff testified that he heard Kressman telephone the order as he gave it to Kressman, that is, for insurance on whisky in warehouse ''A,'' Kressman, testifying, does not recall what was said by him over the telephone, but says he gave the order as plaintiff gave it to him. Defendant, testifying, says that as he heard the telephone message at the other end of the wire it was for insurance on whisky in warehouse ''D''; that he so noted it at the time on a written memorandum or order blank, which is in evidence. The policy was written on the goods of plaintiff in warehouse ''D'' and delivered to Kressman, who delivered it to a clerk of plaintiff's who left it with a bank as part of the collateral for a loan. Plaintiff never examined the policy. Subsequently there was a loss by fire in warehouse ''A,'' and plaintiff then discovered that the policy did not cover his goods in ''A'' but covered his goods in warehouse ''D.''

Under such circumstances plaintiff cannot recover damages from defendant, for the reason that there was no contractual relation between the parties—their minds never met. Plaintiff's mind was in warehouse ''A,'' defendant's in warehouse ''D.'' There being no mutual obligations, defendant owed plaintiff no duty, either to write a policy on the goods in warehouse ''A'' or anywhere else.

Plaintiff's claim and argument proceed upon the fundamental fallacy that defendant was obligated to hear the message through the receiver of his telephone instrument exactly as it was spoken into the telephone instrument at Kressman's end of the wire. Such a legal obligation on telephone users could hardly be

viewed with equanimity, in the light of the general experience of all of us with telephones.

Plaintiff having given the order in one way and defendant having received it in a different way, defendant was guilty of no negligence in executing the order as he received it. The judgment is reversed and judgment of *nil capiat* is entered in this court.

*Judgment reversed and judgment here.*